### TEXAS COMPENSATION INS. CO. v. NEILSEN.
### No. 5920.

Circuit Court of Appeals, Fifth Circuit.
March 23, 1931.
Rehearing Denied April 29, 1931.

1048

Nelson Phillips and C. M. Means, both of Dallas, Tex., for appellant.

John White and H. J. Yarborough, both of Dallas, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

This suit was filed in the state court for Dallas county, Tex., and by the defendant removed to the court below. Plaintiff alleged that he was an employee of the Southwestern Bell Telephone Company; that, while engaged in the performance of his duties, he suffered an injury resulting in permanent and total disability; that his employment was under the Workmen's Compensation Law of the state of Texas; that defendant was the insurer of his employer against liability to its employees, including petitioner, and that he was entitled to the benefits of said insurance; further, that his weekly wages were $20.40, and under the statute he was entitled to recover 60 per cent. thereof, or at the rate of $11.77 per week for a total of 401 weeks, and that the circumstances were such as to justify the awarding of a lump sum, according to the Compensation Law; further, that the matter had been decided by the Industrial Accident Board for the state, but that he was dissatisfied therewith and desired to submit the matter to the courts. The prayer was for judgment in the sum of $4,719.77.

Defendant made a general denial, and further averred that, if the plaintiff had been injured as he alleged, he had subsequently been employed by and was injured "while in the employment of defendant's insured," and under the compensation statute of the state (section 12c, art. 8306, Revised Civil Statutes of 1925) could recover compensation only for the injuries so subsequently received; that, if the petitioner had ever been injured, the effect was such that he was able to continue his duties, and the insured was willing to provide such work as he could perform, but that plaintiff had declined to accept and had voluntarily left such employment.

The case was tried before a jury which rendered the following verdict: "We, the jury, find in favor of the plaintiff and we further find that his disabilities are permanent and total, and we further find that his damages should be paid in a lump sum."

The court below approved this finding, and awarded judgment for the full amount of compensation from the date of injury; that is, "$3,543.07, to be paid in a lump sum, less $270.00, leaving a balance due of $3,272.67." Defendant's motion for a new trial was overruled.

■■ The portion of the record brought up by this appeal contains the petition, answer, verdict of the jury, judgment, motion for a new trial, petition for appeal, assignments of error, etc. The assignments of error are four in number, but are directed at the same point; that is, the fact that, although the verdict was for the full period of 401 weeks as for permanent total disability, the court had deducted therefrom the sum of $270, "or compensation for 26 weeks." It is contended that the court was compelled to give judgment for the full sum and could not make such deduction, although it was in favor of the appellant, else what was done must be considered as conclusive evidence that the injury was not permanent and total for the full period.

As indicated above, none of the evidence below was brought up as a part of the bill of exceptions, and we have nothing before us to determine why this deduction was made, other than the recital in the assignments of error that it was for "compensation for 26 weeks." It would seem that we are, therefore, bound to conclude that the defendant or its insured had paid this sum to the plaintiff or was entitled to such deduction and the court merely allowed it credit therefor upon the judgment. As can be seen from the verdict quoted above, it was not for a fixed sum in dollars and cents, but of a general character, finding permanent total disability and that "damages should be paid in a lump sum." There was no exception to the form of the verdict, and, for all that appears, it was a mere matter of mathematical calculation as to what the plaintiff should recover, based upon 60 per cent. of his weekly wage, which was evidently shown to be $10.40 and discounted to its present value, as to which likewise no exception was taken. We cannot go into the question of whether there was permanent total disability or subsequent employment, for

there is nothing in the record regarding it. The statute permits a lump sum judgment, if in the opinion of the jury and court the circumstances warrant. Article 8306, § 15, Revised Civil Statutes of Texas of 1925. Neither can we assume that the court below awarded judgment for anything less than permanent total disability as found by the jury, but, on the contrary, under the maxim, Omnia rite actor, we must conclude that it followed the verdict and determined what was due on the basis thereof, Non constat, but that the parties below stipulated the amount of the weekly recovery and what had been paid as intimated in the brief of the appellee.

Affirmed.